JOHN M. WAY *vs.* MARCUS A. DAVIDSON.

The pledgee of a promissory note, who has delivered it back to the pledgor under an agree ment to return it or another note, which he refuses to do, may maintain an action against him for the conversion of the note, although he obtained it without fraud.

ACTION OF TORT for the conversion of a promissory note for $1000, dated June 28th 1856, made by W. B. Davenport to the defendant, and by him indorsed to the plaintiff.

At the trial in the superior court of Suffolk at March term 1857 the plaintiff introduced evidence that he lent the defendant $100, for which the defendant gave him his own note, with this note of Davenport as collateral security; that he afterwards asked the defendant to take Davenport's note, and obtain in its stead a note for $100, payable in a shorter time; that the defendant said he thought he could, and thereupon the plaintiff delivered the note to the defendant, taking from him an agreement in these terms: " Received W. B. Davenport's note for $1000, which I agree to return to-day to Mr. Way, dated June 28, 1856."

*Abbott*, J. ruled that the note having only been pledged to the plaintiff by the defendant, if the plaintiff, under the circum-

stances proved, delivered the note back to the defendant upon such an agreement, by virtue of which the defendant was either to return the note or something else in its place, an action of tort could not be sustained, although the defendant had refused or neglected to perform either part of his agreement; unless the jury should be satisfied the note was obtained from the plaintiff by fraud or fraudulent representations. The jury found a verdict for the defendant, and the plaintiff alleged exceptions.

*E. Avery & G. M. Hobbs,* for the plaintiff.

*J. W. Rollins,* for the defendant. The possession of the property sued for having been obtained by the defendant under a contract, the plaintiff's remedy is on the contract; and trover will not lie, unless fraud can be shown in making the contract. 3 Steph. N. P. 2683 & cases cited. *Emanuel* v. *Dane,* 3 Campb. 299. *Fairman* v. *Grimble,* 2 Car. & P. 266. The plaintiff, being only a pledgee of the note for the conversion of which the action is brought, had merely a lien upon it; this lien was lost by the voluntary surrender of the note to the defendant; and the plaintiff, having, at the most, only a special property in the note, and being out of possession at the time of bringing suit, cannot maintain trover. Story on Bailm. §§ 364, 365. 2 Greenl. Ev. § 640 & cases cited. *Walcott* v. *Keith,* 2 Foster, 196. *Colby* v. *Cressy,* 5 N. H. 239.

METCALF, J. A pawnee has a special property in the thing pawned, and can maintain an action for the conversion or injury of it by a third person. 2 Saund. 47 *e,* note. 3 Steph. N. P. 2668. 2 Kent Com. (6th ed.) 585. He can also maintain replevin against the pawnor himself for a wrongful taking by him of the thing pawned; *Gibson* v. *Boyd,* 1 Kerr's (N. B.) Rep. 150; or trover for a wrongful detention thereof by him, though it may have come rightfully into his hands by the pawnee's consent. Story on Bailm. § 299. Edwards on Bailm. 227. In *Hays* v. *Riddle,* 1 Sandf. 248, the pawnee of a bond delivered it to the pawnor for the purpose of his exchanging it for stock which was to be returned on the next day to the pawnee, as a substituted security. The pawnor converted the bond to his own use, and the pawnee maintained trover against

him for the conversion. That case is not distinguishable from this.

The plaintiff, in this case, was pawnee of the note for the conversion of which this action is brought. He delivered it to the defendant (the pawnor) for a special purpose, on a promise by him to return it. The defendant has broken that promise. And if the plaintiff has demanded of him a return of the note, and he has refused to return it, such demand and refusal are evidence of a conversion, *prima facie* sufficient to support this action.

It is not to be inferred from this decision that the plaintiff could maintain trover against a third person to whom the defendant might have transferred the note after receiving it from the plaintiff. *Bodenhammer* v. *Newsom*, 5 Jones, (N. C.) 107.

*Exceptions sustained.*